# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONEY E. GALVAN, # Y-15830, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-cv-1522-SMY |
| ) | |
| SAMUEL STERRETT, ) | |
| and JEFFERY M. DENNISON, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Anthoney E. Galvan, currently incarcerated at Shawnee Correctional Center ("Shawnee"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that his permission to attend certain religious services was revoked as retaliation for his involvement in another prisoner's lawsuit. The Complaint (Doc. 1) is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Plaintiff has also filed a motion for a Temporary Restraining Order (TRO) and Preliminary Injunction. (Doc. 4).

Under § 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

Applying these standards, the Court finds that some of Plaintiff's claims survive threshold review under § 1915A. Further, Plaintiff's motion for a preliminary injunction (Doc. 4) will be referred to the United States Magistrate Judge for prompt consideration.

1

**The Complaint**

Plaintiff sues Shawnee Chaplain Sterrett for damages and injunctive relief. (Doc. 1, pp. 11-12). He names Warden Dennison as a defendant in his official capacity in connection with his request for injunctive relief. *Id.*

Plaintiff makes the following allegations in the Complaint: Plaintiff's religious affiliation is Catholic. (Doc. 1, p. 5). Along with attending weekly Catholic mass, Plaintiff began attending a weekly Protestant service in March 2018, with Sterrett's permission. (Doc. 1, pp. 6, 13-15). Fellow inmate Charles Dent attended the same services, and Plaintiff became acquainted with Dent. (Doc. 1, p. 7).

In approximately May 2018, Dent asked Plaintiff if he would sign a sworn declaration, attesting to the fact that Plaintiff was attending both Catholic and Protestant services. *Id.* Plaintiff agreed and provided Dent with 2 of his activity cards to verify that he was authorized to attend those services.

On or about June 15, 2018, Plaintiff received his activity card for the week and saw that he had been removed from the Protestant service. (Doc. 1, p. 8). When Plaintiff asked Sterrett why his permission was revoked, Sterrett responded that he was reviewing the chaplain lines to correct errors that did not comply with the Illinois Administrative Code. (Doc. 1, pp. 8, 16-18). Plaintiff asserts that Sterrett's explanation was false and was meant to conceal his retaliation against Plaintiff for having signed the declaration requested by Dent. Dent had filed a lawsuit in this Court against Sterrett and others[1] and attached Plaintiff's documents, and Sterrett was served with the lawsuit on approximately June 7, 2018. (Doc. 1, p. 9).

Plaintiff claims Sterrett's revocation of his permission to attend Protestant services violated his First Amendment right to participate in litigation without retaliation, and to freely

---

[1] That action is *Dent v. Dennison, et al.*, Case No. 18-cv-1156-DRH-DGW (S.D. Ill. filed May 24, 2018).

practice his religion. (Doc. 1, p. 9). He further alleges that Sterret's actions violated his rights under RLUIPA (the Religious Land Use and Institutionalized Persons Act). *Id.* Plaintiff asserts that the Illinois Administrative Code expressly permits inmates to attend religious services outside their designated faith so long as a prison official approves, and that Sterrett continues to allow numerous other inmates to attend services other than their designated religion. (Doc. 1, pp. 10-11, 19-21).

## **Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]

> **Count 1:** Sterrett retaliated against Plaintiff in violation of the First Amendment, by revoking Plaintiff's permission to attend a weekly Protestant religious service at Shawnee, after Plaintiff signed a declaration and provided documents to assist another inmate (Dent) with a lawsuit against Sterrett;
>
> **Count 2:** Sterrett violated Plaintiff's rights under the First Amendment and the RLUIPA to freely exercise his religious beliefs, by excluding Plaintiff from Protestant religious services in which he had regularly participated for several months;
>
> **Count 3:** Sterrett violated Plaintiff's Fourteenth Amendment right to equal protection by terminating him from participation in non-Catholic religious services, while continuing to allow other Catholic inmates to participate in non-Catholic services.

Each of these claims shall receive further consideration.

---

[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Count 1 – Retaliation**

Prison officials may not retaliate against inmates for engaging in protected First Amendment activity, such as filing grievances and lawsuits, or otherwise complaining about their conditions of confinement. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009); *see also McKinley v. Schoenbeck*, 731 F. App'x 511, 515 (7th Cir. 2018) (quoting *Surita v. Hyde*, 665 F.3d 860, 878-79 (7th Cir. 2011)). "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citation omitted).

In this case, Sterrett revoked Plaintiff's permission to attend the Protestant service approximately 9 days after being served with Inmate Dent's lawsuit, which included Plaintiff's supporting declaration. (Doc. 1, p. 10). It is plausible that Sterrett's action was motivated by retaliation. Thus, **Count 1** survives review under § 1915A.

**Count 2 – First Amendment/Free Exercise and RLUIPA**

"[A] prisoner is entitled to practice his religion insofar as doing so does not unduly burden the administration of the prison." *Hunafa v. Murphy*, 907 F.2d 46, 47 (7th Cir. 1990); *see Al-Alamin v. Gramley*, 926 F.2d 680, 686 and nn. 3-5 (7th Cir. 1991) (collecting cases). However, a prison regulation that impinges on an inmate's First Amendment rights may nevertheless be valid "if it is reasonably related to legitimate penological interests," such as prison security and the proper allocation of limited resources. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348-49, 352-53 (1987) (quoting *Turner v. Safley*, 482 U.S. 78, 89-90 (1987)); *see also Al-Alamin*, 926 F.2d at 686.

*Turner* sets forth 4 factors upon which to evaluate restrictions on access to religious services and other opportunities: (1) whether there is a valid and rational connection between the regulation prohibiting access and a legitimate governmental interest to justify it; (2) whether there are alternative means of exercising the right to practice religion that remain open to inmates; (3) whether accommodation of the right to practice would have a significant impact on prison staff or other inmates; and (4) whether the regulation is reasonable in terms of allowing prisoners use of available alternatives. *Turner*, 482 U.S. 78; *see also Beard v. Banks*, 548 U.S. 521 (2006).

For several months, Sterrett had approved Plaintiff's participation in Protestant services in addition to Catholic mass. Only after Plaintiff's involvement with Dent's lawsuit did Sterrett revoke that permission and limit Plaintiff to attending only Catholic mass. On these facts, Sterrett's removal of Plaintiff from Protestant services, ostensibly to comply with the Illinois Administrative Code, may not survive scrutiny under the *Turner* factors. As such, Plaintiff has stated a cognizable claim for violation of his First Amendment right to freely exercise his religious beliefs by attending prison-sanctioned worship services.

Plaintiff's RLUIPA claim overlaps with his First Amendment claim. Notably, the RLUIPA provides inmates greater protections than the First Amendment. *See Schlemm v. Wall*, 784 F.3d 362, 363 (7th Cir. 2015); 42 U.S.C.A. § 2000cc-1. "Under the Act, if an inmate shows that an institutional policy substantially burdens his religious exercise, then that policy may not be applied unless the institution shows that the policy is the least restrictive means for advancing a compelling state interest." *Tanksley v. Litscher*, 723 F. App'x 370, 371 (7th Cir. 2018) (citing 42 U.S.C.A. § 2000cc-1; *Holt v. Hobbs*, — U.S. —, 135 S. Ct. 853, 863 (2015)). Money damages are not available in a RLUIPA action against state employees in their official capacity,

nor does RLUIPA authorize any kind of relief against a public employee. *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011) (citing *Sossamon v. Texas*, 563 U.S. 277 (2011); *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989); *Nelson v. Miller*, 570 F.3d 868 (7th Cir. 2009)). However, a court may order injunctive relief to correct a violation of the RLUIPA. 42 U.S.C.A. § 2000cc-2.

Accordingly, Plaintiff's First Amendment claim in **Count 2** will proceed for further consideration against Sterrett. The RLUIPA claim in **Count 2** will proceed against Chaplain Sterrett and Warden Dennison, in their official capacities, as the officers who would be responsible for implementing any injunctive relief to which Plaintiff may be entitled. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

### Count 3 – Equal Protection

Plaintiff asserts that Sterrett treated him differently from other similarly situated inmates by excluding him from Protestant services while allowing other inmates to participate in services outside those of their officially designated religion. This may be characterized as a "class of one" equal protection claim.

The Equal Protection Clause of the Fourteenth Amendment protects against governmental discrimination, typically on the basis of race, gender, national origin, or religion. The Clause also prohibits a governmental official from singling out a person for different treatment for no rational reason. "To state a class-of-one equal protection claim, an individual must allege that he was 'intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Swanson v. City of Chetek*, 719 F.3d

6

780, 783-84 (7th Cir. 2013) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). If the relevant principal characteristics of a plaintiff and other individuals are the same, but others received more favorable treatment, this may indicate that the defendant had an improper motivation for the disparate treatment. *See Geinosky v. City of Chicago*, 675 F.3d 743, 748 (7th Cir. 2012).

Plaintiff alleges that Sterret terminated his participation in the Protestant religious service purportedly as a corrective measure in accordance with the Illinois Administrative Code, while at the same time, allowing other inmates to participate in services of different faiths. Plaintiff's equal protection claim in **Count 3** against Sterrett may therefore proceed.

## Pending Motions

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) demonstrates that he is indigent. A separate order shall be entered granting this motion and ordering payment of the $350.00 filing fee in installments according to 28 U.S.C. § 1915(b).

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Reona J. Daly for further consideration.

Plaintiff's motion for TRO and Preliminary Injunction (Doc. 4) requests an order to compel Defendants to immediately restore Plaintiff's permission to attend the weekly Protestant religious service that he had been attending at Shawnee until approximately June 15, 2018. This motion shall also be referred to U.S. Magistrate Judge Daly for prompt consideration.

## Disposition

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c), the motion for TRO and Preliminary Injunction (Doc. 4) is hereby **REFERRED** to United States Magistrate Judge Reona J. Daly, who shall resolve the request for injunctive relief as soon as practicable, and issue a

report and recommendation. Any motions filed after the date of this Order that relate to the request for injunctive relief or seek leave to amend the Complaint are also hereby **REFERRED** to U.S. Magistrate Judge Daly.

**IT IS FURTHER ORDERED** that the Clerk of Court shall take appropriate steps in coordination with the U.S. Marshals Service, to effect formal, **PERSONAL SERVICE** of summons, the Complaint, the motion at Doc. 4, and this order upon each Defendant at his or her work address, as provided by Plaintiff. The Court will not require Defendants to pay the full costs of formal service, as the Court is ordering personal service to expedite the resolution of Plaintiff's motion for a TRO/preliminary injunction.

The United States Marshals Service is **APPOINTED** pursuant to Federal Rule of Civil Procedure 4(e) to effect service. The Clerk is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **STERRETT** and **DENNISON.** The Clerk shall issue the completed summons, and prepare a service packet for each Defendant consisting of: the completed summons, the completed form USM-285, a copy of the complaint (Doc. 1), a copy of the motion for TRO/preliminary injunction (Doc. 4), and this Memorandum and Order. The Clerk shall deliver the service packets for each Defendant to the United States Marshals Service for personal service on each Defendant.

Pursuant to Federal Rule of Civil Procedure 4, **within 14 days of the date of this Order**, the United States Marshals Service **SHALL PERSONALLY SERVE** upon Defendants **STERRETT** and **DENNISON,** the service packets containing the summons, form USM-285, a copy of the complaint (Doc. 1), a copy of the motion for TRO/preliminary injunction (Doc. 4), and this Memorandum and Order. **LEAVING THE SUMMONS WITH THE PRISON'S LITIGATION COORDINATOR IS NOT SUFFICIENT – each Defendant must be**

**personally served**. All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In order to assist the Court in its resolution of the motion for preliminary injunctive relief (Doc. 4), Defendants **STERRETT** and **DENNISON SHALL FILE A RESPONSE** to the motion within 14 days of the date of service of the summons.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Reona J. Daly** for further pre-trial proceedings, which shall include a report and recommendation on the pending motion for TRO & Preliminary Injunction (Doc. 4) as soon as practicable, as well as a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Daly for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* shall be granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 28, 2018**

s/ STACI M. YANDLE  
United States District Judge